UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BONNIE TURPPA,

        Plaintiff,

                                           Case Number 09-12974-BC
v.                                       Honorable Thomas L. Ludington

COUNTY OF MONTMORENCY,

        Defendant.
_____ /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff Bonnie Turppa's July 29, 2009 complaint alleges that her employment was terminated by Defendant Montmorency County because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–629, and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §§ 37.2101–.2804. Before her employment was terminated on October 29, 2007, Plaintiff had served as deputy probate register and then probate register for the Montmorency County Probate Court for nearly fifteen years. Although her job duties involved primarily probate court business and her supervisor was the Chief Probate Judge, a state employee, she alleges that Defendant Montmorency County was her "employer," as the term is used by the ADEA and ELCRA. Pl.'s Compl. ¶ 5.[1] Neither the Montmorency County Probate Court nor the Montmorency County Chief Probate Judge, the Honorable John E. Fitzgerald, are identified as defendants in this case.

---

[1] The ADEA provides: "It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). ELCRA provides: "An employer shall not . . . discharge, or otherwise discriminate against an individual . . . because of . . . age . . . ." Mich. Comp. Laws § 37.2202(1)(a).

On November 17, 2009, Defendant filed a motion to dismiss Plaintiff's complaint, contending that Montmorency County was not Plaintiff's "employer" at the time of her termination within the meaning of the ADEA or ELCRA. On January 20, 2010, the case was transferred from the Southern Division of the Eastern District of Michigan to the Northern Division, and the motion to dismiss was set for hearing on April 7, 2010. On April 28, 2010, the Court issued an opinion and order directing additional briefing on the motion to dismiss and requesting that the parties produce certain documents that might be relevant to the question of whether Defendant was one of Plaintiff's "employers." *See Turppa v. County of Montmorency (Turppa I)*, 710 F. Supp. 2d 619 (E.D. Mich. 2010). The opinion noted that for most employees seeking to bring a claim under the ADEA or ELCRA, identifying their "employer" is not particularly difficult, but for employees associated with Michigan Judiciary, the question is complicated by the relationship between the state's trial Court's and the local government units responsible for most of their funding. *Id.* at 620.

After the supplemental information was received, the Court issued a second opinion and order denying Defendant's motion to dismiss on July 14, 2010. *See Turppa v. County of Montmorency (Turppa II)*, 724 F. Supp. 2d 783 (E.D. Mich. 2010). The Court addressed the motion to dismiss as a motion for summary judgment: the identity of Plaintiff's employer is an issue of fact that requires consideration of matters outside the pleadings. Fed. R. Civ. P. 12(d). The Court concluded that Plaintiff had advanced enough evidence to substantiate her claim that Defendant Montmorency County acted as her employer, or co-employer along with the probate court, to present her claim to a jury. *Id.* at 790.

> [T]he additional facts provided by the county at the Court's request do not change the conclusion reached in the last Opinion and Order: the most logical inference that can be drawn from the circumstances surrounding Plaintiff's employment is that Plaintiff may have been a co-employee of both the county and the probate court.

> Although the chief probate judge exercises sole managerial control over the Montmorency County probate register's performance of judicial responsibilities, over time, some employment oversight duties were also being performed by the county. The county's personnel policies, for example, were adopted by the probate court and the county board made the determination, pursuant to those policies, of whether Plaintiff should be paid for unused vacation time when her employment ended. Indeed, it is undisputed that the county was also responsible for funding Plaintiff's position, was identified as Plaintiff's employer on the W-2 issued for federal income tax purposes and submitted to the Internal Revenue Service, and responded as Plaintiff's employer to unemployment inquiries. Plaintiff has demonstrated that the county and the probate court may well have served as co-employers.

*Turppa II*, 724 F. Supp. 2d at 788. The Court further concluded that while Judge Fitzgerald and the Montmorency County Probate Court may be co-employers, the are not necessary parties under Rule 19(a). Thus, Plaintiff's decision not to join them as parties is not fatal to her claim. *Id.* at 792–93.

Importantly, the Court did not conclude that, as a matter of law, Montmorency County *is* Plaintiff's employer. Rather, it concluded Montmorency County *may well be an employer*. *Id.* at 788. Defendant simply had not met its burden of proving the absence of a material issue of fact as to whether Defendant Montmorency County is Plaintiff's employer or co-employer. *See* Fed. R. Civ. P. 56(a).

On July 28, 2010, Defendant filed a motion for reconsideration, contending that the Court erred in concluding that Plaintiff had provided sufficient evidence to reach the jury on the question of whether Defendant is an employer or co-employer of Plaintiff. [Dkt. # 24]. Defendant also contends that the Court's conclusion that Judge Fitzgerald and the Montmorency County Probate Court are not necessary parties is erroneous. Because Defendant has not demonstrated "a palpable defect by which the court and the parties" were misled or that "correcting the defect will result in a different disposition of the case," the motion must be denied. *See* E.D. Mich. L.R. 7.1(h)(3).

**I**

Before considering the merits of Defendant's motion for reconsideration, two preliminary matters must be addressed. First, the Court did not, as Defendant suggests, "essentially" impose strict liability on "every state court funding unit for the alleged discrimination of members of the judiciary." [Dkt. # 24]. Rather, the Court determined that Plaintiff presented sufficient evidence that Defendant exercised some influence over the terms and conditions of Plaintiff's employment to permit further discovery in this case. Defendant's argument misconstrues the Rule 56 standard of review. It is the Defendant's burden, at this stage, to prove the absence of a genuine issue of material fact as to whether Plaintiff was an employee of the County. Because Defendant did not meet its burden, the motion was denied. The Court's opinion did not impose liability, much less strict liability. It is at least possible that Defendant may ultimately prevail on a motion for summary judgment or that the trier of fact will resolve the issue in Defendant's favor.

Second, Defendant's motion cites a number of cases that appear to be relevant, and potentially helpful, to a Court that is considering whether a person or entity is an "employer" under the ADEA and ELCRA. *See, e.g.*, *Swallows v. Barnes & Noble Bookstores, Inc.*, 128 F.3d 990 (6th Cir. 1997); *York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360 (6th Cir. 1982); *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117 (5th Cir. 1993). But those cases were not cited in Defendant's initial motion brief [Dkt. # 4], its reply brief [Dkt. # 10], or its supplemental brief [Dkt. # 17]. Motions for reconsideration are not the intended vehicle to develop arguments based on new case law. Defendant's initial motion to dismiss was grounded primarily on Michigan law, which creates "one court of justice" separate and distinct from other branches of government, including municipalities like Montmorency County. Mich. Const. Art. VI, § 1. The Court rejected the argument, noting that despite constitutional pronouncements about the separation of powers, the County had exercised,

if not accepted, some responsibility for administering Plaintiff's employment. As a result, the County may be Plaintiff's employer under the ADEA.

## II

With those principles in mind, Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). The Court does not permit a responsive pleading or hold hearings on motions for reconsideration. E.D. Mich. L.R. 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(2). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (citation and quotation marks omitted).

### A

Defendant's principal argument for reconsideration is that the County had "no control or influence" over the conditions or terms of Plaintiff's employment, and as a result, the County cannot, as a matter of law, be considered her "employer" under any theory. Indeed, it appears to be uncontested that when it came to the performance of judicial duties, Plaintiff answered only to the chief probate judge. It is less clear, however, that when it came to the terms, conditions, and circumstances of her employment, Defendant exercised no "control or influence." Upon reconsideration of the evidence, there is no "obvious" or "unmistakable" defect in the Court's earlier analysis. *Id.*

For example, in 1997 Plaintiff signed an acknowledgment of the "Montmorency County Manual of Personnel Policies," not the "Probate Court Manual of Personnel Policies" or the "One Court of Justice Manual of Personnel Policies." [Dkt. # 7-8]. Plaintiff acknowledged that she understood the manual and that she was "required to abide by the policies." Paragraph 1.08 of that manual notes that the "tenure of [certain] positions is limited to the appointment by the Elected Official," but it also emphasizes that the positions are still "under the jurisdiction of the Montmorency County Personnel Polices." [Dkt. # 7-9]. The Manual also guarantees "equal employment opportunities to qualified persons without regard to . . . age . . . ." *Id.* at 6. The Manual also provides a sexual harassment policy, which requires reporting harassment to the county coordinator. *Id.* § 12.

In short, the Manual alone provides some evidence that the County exercised "control" and "influence" over the terms and conditions of Plaintiff's employment. Otherwise, the assertions about "equal employment opportunities" and creating a workplace free of harassment were illusory. There is other evidence identified as well. The County is obligated by state law to fund the position, but it is not obligated to list the County as Plaintiff's employer on W-2 forms submitted to Plaintiff and the Internal Revenue Service, nor is it obligated to respond as Plaintiff's employer to inquiries from the Michigan Unemployment Insurance Agency. Yet, the County agreed to undertake both of those responsibilities. Given the evidence, the Court cannot conclude as a matter of law that Defendant is not Plaintiff's employer as the term is used by the ADEA and ELCRA.

**B**

Defendant also contends that the Court erred in concluding that the Montmorency County Circuit Court and Judge Fitzgerald are not necessary parties under Rule 19(a)(1). Defendant contends that complete relief cannot be accorded unless Judge Fitzgerald and the Montmorency

County Probate Court are added as parties. Defendant argues that Plaintiff has a duty to mitigate her damages, that the duty includes a duty to seek reinstatement, and that only Judge Fitzgerald has the authority to reinstate Plaintiff's employment.

Plaintiffs in employment discrimination cases do have a duty to mitigate their damages by, for example, seeking alternative employment. *See Shalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 426 (6th Cir. 1999). But the duty to mitigate does not include a duty to seek reinstatement if reinstatement "is infeasible or otherwise inappropriate." *See Cranberry v. Monarch Marking Sys., Inc.*, 30 F. App'x 389, 395 (6th Cir. 2002); *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir. 1996). In cases where reinstatement would result in "displacement of a non-culpable employee, or where hostility would result," it may not be required. *Trentham v. Hidden Mountain Resorts, Inc.*, No. 3:08-CV-23, 2010 WL 2757190, at *2 (E.D. Tenn. July 13, 2010) (citing *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993)).

Here, if Plaintiff were reinstated, she would be required to return to work directly for a supervisor who she contends was hostile towards her throughout his tenure. In addition, she would likely displace an employee who did not participate in the alleged discrimination. Reinstatement may not be an appropriate remedy in this case.

Moreover, as Defendant repeatedly emphasizes in a supplemental brief [Dkt. # 32], after the Court issued its opinions in this case, the Sixth Circuit held in *Pucci v. Nineteenth District Court*, 628 F.3d 752 (6th Cir. 2010), that Michigan's Nineteenth District Court and Chief Judge Mark W. Somers are immune from suit as an "arm of the state." The decision further increases the likelihood that if the Montmorency County Probate Court or Judge Fitzgerald, in his official capacity, were joined as defendants, they would promptly be dismissed for lack of subject matter jurisdiction. *Pucci* strongly suggests that Michigan's courts are not subject to suit in federal court under the

Eleventh Amendment.

Contrary to Defendant's assertion, however, *Pucci* does not create a barrier if Defendant elects to seek indemnity from Judge Fitzgerald or the court at a later date. Although the Eleventh Amendment likely prohibits a suit against the judge or the probate court in federal court, the Eleventh Amendment does not prohibit a suit against the judge or the probate court in Michigan state court. The Eleventh Amendment is concerned only with the exercise of power by the federal government over the states, it is not implicated when there is an intrastate dispute between a municipality and an arm of the state government. Nor, for that matter, has Defendant identified any additional authority that would suggest the County will be unable to seek indemnity in a state forum. Thus, the probate court and Judge Fitzgerald are not necessary parties under Rule 19(a)(1).

### III

Defendant also contends that the case should be dismissed because the Judge Fitzgerald, and not the county, made the decision to terminate Plaintiff's employment. Judge Fitzgerald, it is undisputed, is not an employee of the county. As a result, Defendant contends, even if the decision to terminate Plaintiff's employment were discriminatory, it was not the county that engaged in the discrimination.

Again, there is some evidence that Defendant had some degree of administrative control over the terms and conditions of Plaintiff's employment. Moreover, the county coordinator was present and participated in the meeting where Plaintiff was informed that her employment would be terminated. Even if the county coordinator did not discuss the decision with Judge Fitzgerald in advance of the meeting, his presence provided the appearance of his or the county's approval of the probate judge's decision. The county, therefore, may be responsible for age discrimination, particularly where the county had previously guaranteed equal employment opportunities for

-8-

Plaintiff without regard to her age.

Notably, Defendant may be able to demonstrate after additional discovery that the county did not participate in setting the terms of Plaintiff's employment or in the decisionmaking process that led to Plaintiff's termination. If so, that may be an appropriate argument for a future motion for summary judgment. Defendant's immediate argument, however, about the limited nature of its involvement does not, however, demonstrate a palpable defect in the Court's earlier analysis.

## IV

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [Dkt. # 24] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 18, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS